Filed 1/8/26  P. v. Hudson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>AARON WELLINGTON HUDSON,<br><br>      Defendant and Appellant. | C102575<br><br>(Super. Ct. Nos. 17FE013445, 19FE014935, 21FE005881) |

Defendant Aaron Wellington Hudson appeals from a postconviction order denying his request for resentencing under Penal Code[1] section 1172.1.  Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and asking this court to conduct an independent review of the record.  Defendant filed a

---

[1]  Undesigned statutory references are to the Penal Code.

1

supplemental brief.  We conclude the order at issue is not an appealable order and so dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2017, defendant was observed at a gun range handling and operating a handgun.  The following day, a handgun and ammunition were found during a search of his car.  Then, on October 9, 2018, police officers responded to a call in Rio Linda and heard shots being fired.  Defendant was found on the ground, injured, with a loaded rifle within arm's reach.  Based on these incidents, in case No. 17FE013445 (13445), defendant pled no contest to possession of ammunition by a felon and two counts of possession of a firearm by a felon.  Defendant admitted an out-on-bail enhancement allegation.

On August 15, 2019, defendant broke off a piece of metal from his jail cell mirror and cut a victim's face with it.  Based on this incident, in case No. 19FE014935 (14935), defendant pled no contest to assault with a deadly weapon and possession of a metal weapon inside a penal institution.

On March 19, 2021, defendant participated in a group assault on a victim in a correctional center.  Surveillance video showed defendant punching and stomping on the victim while the victim was on the ground.  Based on this incident, in case No. 21FE005881 (5881), defendant pled no contest to assault with means of force likely to produce great bodily injury.

As part of his plea in each of these cases, defendant admitted to having a prior strike conviction.

In August 2021, the trial court sentenced defendant in these three cases to: (1) eight years (the upper term, doubled due to the prior strike) for assault with a deadly weapon in case No. 14935; (2) two years (one-third the middle term, doubled) for possession of a metal weapon in a penal institution in case No. 14935; (3) 16 months (one-third the middle term, doubled) for each conviction in case No. 13445; (4) two years

2

for the out-on-bail enhancement in case No. 13445; and (5) two years (one-third the middle term, doubled) for the assault conviction in case No. 5881.

In September 2024, defendant filed a request for recall of sentence and resentencing in these three cases. The trial court dismissed the request, explaining that relief under section 1172.1, subdivision (a) is only available upon the motion of the court or the recommendation of one of the parties specified in that provision. The court expressly declined to make its own motion for recall and resentencing.

Defendant appeals.

DISCUSSION

Appellate counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days of the date the opening brief was filed. Defendant filed a supplemental brief, arguing that: (1) the sentencing court did not give due consideration to mitigating factors; (2) his upper term sentence was without statutory authority; and (3) the trial court improperly ignored his motion under Assembly Bill No. 600 (2023-2024 Reg. Sess.). We conclude that the order issued by the trial court is not appealable, and thus the appeal must be dismissed.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Defendant states that the trial court's order denying his request under section 1172.1 is made appealable by section 1237, subdivision (b). Section 1237, subdivision (b) authorizes criminal defendants to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

Section 1172.1, subdivision (a) provides that the trial court may, "on its own motion, . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall

3

the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Section 1172.1, subdivision (c) expressly states, however:  "A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  Thus, " 'a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.' "  (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, quoting *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)

Section 1172.1 does not address whether a trial court's dismissal of a defendant's request for recall and resentencing under the statute is appealable.  But several courts, including this court, have interpreted the second sentence in section 1172.1, subdivision (c) to mean that defendants do not have a substantial right at stake when they request recall and resentencing.  (*People v. Hodge*, *supra*, 107 Cal.App.5th at p. 996; *People v. Roy*, *supra*, 110 Cal.App.5th at pp. 998-999; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.)  As *Hodge* explained:  "That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond.  It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.  The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated.  But a defendant has no right to demand that the trial court actually make such a decision.  If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one."  (*Hodge*, at p. 996; see *Roy*, at p. 998.)  *Hodge* further explained that a contrary conclusion would result in an arbitrary rule where, if a trial court does not respond to a defendant's request for recall and resentencing, there would be no order to appeal, but if the court informs a defendant that it will take no action on the request, the

4

defendant would be able to appeal that decision.  (*Hodge*, at p. 996.)  The court in *Hodge* found "such an irrational and arbitrary result" seemed unlikely to have been intended by the Legislature.  (*Ibid.*)

We remain persuaded by the reasoning of these cases and conclude that, because defendant had no right to a response by the trial court, an order denying his request under section 1172.1 cannot be said to affect his substantial rights.  Accordingly, the trial court's order was not an appealable order under section 1237, subdivision (b), and the appeal must be dismissed.

DISPOSITION

The appeal is dismissed.

/s/_____
ROBIE, J.

We concur:

/s/_____
EARL, P. J.

/s/_____
MESIWALA, J.

5